18-1469-cv
*Van Buskirk v. The United Group of Companies*

# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2018

No. 18-1469

BRUCE A. VAN BUSKIRK AND LORI A. VAN BUSKIRK,
*Plaintiffs-Appellants*,

*v.*

THE UNITED GROUP OF COMPANIES, INC., DCG FUNDS MANAGEMENT, LLC,
DCG/UGOC FUNDS MANAGEMENT II, LLC, MICHAEL J. UCCELLINI, EXECUTOR OF
THE ESTATE OF WALTER F. UCCELLINI, MCM SECURITIES, LLC, MILLENNIUM CREDIT
MARKETS, LLC, DAVIS CAPITAL GROUP, INC., JESSICA F. STEFFENSEN, EXECUTRIX OF
THE ESTATE OF WALTER F. UCCELLINI,
*Defendants-Appellees*,

RICHARD W. DAVIS, JR.,
*Defendant*.

SUBMITTED: APRIL 11, 2019
DECIDED: AUGUST 16, 2019

Before:     CALABRESI, LOHIER, SULLIVAN, *Circuit Judges*.

Plaintiffs-Appellants appeal from a judgment of the United States District Court for the Northern District of New York (Sharpe, *J.*) dismissing their claims for lack of subject matter jurisdiction and the district court's subsequent denial of a motion for reconsideration, arguing that the district court failed to consider

evidence that the parties were diverse at the time of filing.  Because courts may freely permit jurisdictional amendments even at the appellate level, we vacate the judgment of the district court and remand for further proceedings consistent with this opinion.

Gary A. Gotto, Keller Rohrback L.L.P., Phoenix, Arizona and David J. Ko, Keller Rohrback L.L.P., Seattle, Washington, *for Plaintiffs-Appellants*.

Michael B. de Leeuw & Tamar S. Wise, Cozen O'Connor, New York, New York, *for Defendants-Appellees.*

RICHARD J. SULLIVAN, *Circuit Judge*:

Plaintiffs-Appellants Bruce and Lori Van Buskirk ("Plaintiffs") appeal from a judgment entered by the United States District Court for the Northern District of New York (Gary L. Sharpe, *J.*) dismissing Plaintiffs' claims for lack of subject matter jurisdiction and the district court's subsequent denial of a motion for reconsideration.  Plaintiffs argue that, on *de novo* review, the entire record on appeal demonstrates that they were citizens of Florida – not New York – at the time they filed their suit, and therefore satisfied the complete diversity requirement of 28 U.S.C. § 1332, establishing federal subject matter jurisdiction.  As explained below, because an appellate court may freely permit jurisdictional amendments, we vacate the judgment of the district court and remand so that Plaintiffs may amend their complaint.  At that time, the district court may also

2

consider whether to impose costs – including attorney's fees – on Plaintiffs attributable to their failure to provide the district court with all relevant evidence at the time of the order to show cause.

## I. BACKGROUND

In July 2016, Plaintiffs brought suit against Defendants-Appellees ("Defendants") – The United Group of Companies, Inc.; DCG Funds Management, LLC; DCG/UGOC Funds Management II, LLC; MCM Securities, LLC; Millennium Credit Markets, LLC; Davis Capital Group, Inc.; and individual officers of the various companies – alleging violations of state law including common law fraud, breach of fiduciary duty, negligent misrepresentation, unjust enrichment, and aiding and abetting fraud. Plaintiffs subsequently amended their complaint twice. In all three iterations of their complaint, Plaintiffs alleged that they were "resident[s] of Cobleskill, New York" and that Defendants were citizens of New York or North Carolina.

In February 2018, the district court ordered Plaintiffs to show cause as to why the action should not be dismissed *sua sponte* under Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction. Plaintiffs submitted a two-paragraph response stating that the court had diversity jurisdiction because "Plaintiffs used to reside in Cobleskill, New York . . . but sold their residence in

3

New York and now reside" in Naples, Florida.  J. App'x at 107.  Plaintiffs argued

that Defendants were aware of this "domicile" because they had sent mail to the

Florida address.  Plaintiffs also attached (1) blurry photocopies of their Florida

drivers' licenses – one visibly dated "12-28-2016" – and (2) a photocopy of a

January 2018 piece of mail from one Defendant addressed to Plaintiffs at the

Florida address.  In a March 21, 2018 docket entry, the district court agreed with

Defendants that "Plaintiffs . . . failed to satisfy their burden of proving that they

were citizens of states diverse from those of all defendants at the time of filing"

and dismissed the complaint for lack of subject matter jurisdiction.  J. App'x at 119.

Judgment was entered that day.

Plaintiffs thereafter filed a motion for reconsideration, arguing that

dismissal was improper and submitting "Declaration[s] of Domicile" – sworn

statements signed by Plaintiffs on May 9, 2013 indicating that they then resided in

Florida and intended Florida to be their permanent home.  On April 13, 2018, the

district court denied the motion because the affidavits were known to Plaintiffs at

the time of the prior order to show cause and Plaintiffs had failed to invoke any of

the strict grounds for reconsideration.  Plaintiffs subsequently filed a timely notice

of appeal from the district court's April 13, 2018 order denying Plaintiffs' motion

4

for reconsideration.

## II. STANDARD OF REVIEW

We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121–22 (2d Cir. 2008). "When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo,* accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012). "Denials of motions for reconsideration are reviewed only for abuse of discretion." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).[1]

---

[1] Plaintiffs argue that the district court's denial of the motion for reconsideration must be reviewed *de novo* because the denial "both affirmed the district court's prior Dismissal Order and offered, for the first time, explanation in support of its prior conclusion." (Appellants' Brief at 13.) But the district court expressly stated the reasoning for its dismissal in its March 21, 2018 docket entry, finding that "Plaintiffs [had] failed to satisfy their burden of proving that they were citizens of states diverse from those of all defendants at the time of filing." J. App'x at 119. By contrast, the court's April 13, 2018 order only considered the grounds for a motion for reconsideration, not the merits of the dismissal for lack of jurisdiction. Accordingly, abuse of discretion is the proper standard. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 739 n.21 (2d Cir. 2010) (concluding that *de novo* review is required when the district court first addresses the merits on a motion for reconsideration).

III. DISCUSSION

Plaintiffs argue on appeal that the district court failed to properly consider evidence proving they were citizens of Florida at the time they filed their complaint. Specifically, Plaintiffs argue that the district court did not attribute enough weight to the evidence submitted in response to the district court's order to show cause or the civil cover sheet they submitted when they filed their initial complaint; Plaintiffs further contend that the district court ought to have considered the declarations of domicile from 2013 that they submitted as part of their motion for reconsideration. In the alternative, Plaintiffs argue that we should invoke our authority under 28 U.S.C. § 1653 to find complete diversity based on the newly submitted evidence. While we essentially agree with the district court's rulings based on the record that existed at the time, we also agree with Plaintiffs that § 1653 affords them another opportunity to establish diversity jurisdiction.

The parties do not dispute that this case may only be properly entertained in federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. As relevant to this appeal, "diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001). Complete diversity requires

that "all plaintiffs . . . be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). At issue here is whether Plaintiffs are in fact diverse; since it is undisputed that Defendants are citizens of New York and North Carolina, Plaintiffs may not share that citizenship and still satisfy the requirements of diversity jurisdiction.

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal citation marks and citations omitted). A person has only one domicile at any given moment, though it may change. *Id.* For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

Here, Plaintiffs alleged in their complaint that they were residents of Cobleskill, New York. As a threshold matter, residence alone is insufficient to establish domicile for jurisdictional purposes. *See Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc.*, 87 F.3d 44, 47 (2d Cir. 1996). In any case, even if Plaintiffs

7

had alleged that they were domiciled in Cobleskill, New York, their complaint would still have been inadequate, since, as already observed, at least one Defendant was a citizen of New York, defeating complete diversity. To invoke federal diversity jurisdiction, in response to the district court's order to show cause, Plaintiffs needed to produce evidence establishing that they had been domiciled in Florida *at the time they filed their suit*. But they did not produce such evidence. The sworn declarations indicated Plaintiffs had moved to Florida but did not specify when that move occurred. The attached exhibits were similarly unavailing; one driver's license was dated December 2016 and the piece of mail was dated January 2018 – both after the July 2016 filing. On appeal, Plaintiffs argue that the district court should have considered the civil cover sheet filed with the initial complaint because it suggested that Plaintiffs resided in Florida when the complaint was filed by listing "Collier" as the county in which Bruce Van Buskirk resided. But again, evidence of *residence* is insufficient to establish domicile.[2] Accordingly, the district court properly dismissed the complaint based on the evidence before it at the time.

Nor did the district court abuse its discretion in denying Plaintiffs' motion

---

[2] The parties dispute whether the civil cover sheet may be considered at all. Because we find it is insufficient to establish Plaintiffs' domicile in any event, we need not address this issue.

for reconsideration of its March 21, 2018 dismissal. A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). As part of their motion for reconsideration, Plaintiffs for the first time attached sworn declarations stating that their domicile was Florida as early as 2013. But since Plaintiffs had not provided the district court with that evidence until the motion for reconsideration – and did not explain why they failed to provide the declarations in response to the order to show cause – the district court overlooked nothing at the time of the dismissal. Therefore, the district court did not abuse its discretion when it denied the late request to add evidence – previously known to Plaintiffs at the time of the order to show cause – as part of a motion for reconsideration.

Plaintiffs likewise have not explained why they failed to move to amend pursuant to either Federal Rule of Civil Procedure 15(a)(2), which provides that

9

leave to amend "should [be] freely give[n] . . . when justice so requires" – including after final judgment has been vacated, *see Nat'l Petrochem. Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991) (observing that in some cases "it might be appropriate . . . to take into account the nature of the proposed amendment in deciding whether to vacate") – or 28 U.S.C. § 1653, which broadly allows for the amendment of "[d]efective allegations of jurisdiction . . . in the trial or appellate courts." Rather than pursue such relief, Plaintiffs submitted a two-page motion – characterized as a motion for reconsideration – which included a request for the court to consider new evidence that was clearly available to Plaintiffs at the time of the order to show cause. Although the district court might have construed Plaintiffs' motion as a clumsily-made motion to amend, we cannot find that the district court abused its discretion when it denied Plaintiffs – who were represented by counsel – their motion for reconsideration.

Nevertheless, pursuant to 28 U.S.C. § 1653, appellate courts have discretion to consider the entire record to determine whether there is subject matter jurisdiction. This provision – as noted above – allows both "trial and appellate courts" to amend "defective allegations of jurisdiction." 28 U.S.C. § 1653; *see John Birch Soc'y v. Nat'l Broad. Co.*, 377 F.2d 194, 198–99 (2d Cir. 1967); *see also Troupe v.*

10

*Chi., D. & G. Bay Transit Co.*, 234 F.2d 253, 258 n.6 (2d Cir. 1956) (holding that courts of appeals can consider the whole record under § 1653). "Such amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds. . . . [And u]nless the record clearly indicates that the complaint could not be saved by any truthful amendment, . . . we generally afford an opportunity for amendment." *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997). In the past, this statute has provided the basis for us to deem pleadings amended on appeal or grant leave to amend on appeal and remand for proceedings on the merits in the district court. *See, e.g., Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 64–66 (2d Cir. 2009) (remanding so that the district court could resolve factual disputes); *see also Maitland v. Fishbein*, 712 F. App'x 90, 92–93 (2d Cir. 2018) (summary order) (remanding for further proceedings on the merits).

To be sure, we have also articulated a caveat to § 1653's general principle: "[w]here . . . the district court has pointed out the defects in the complaint and has afforded a plaintiff a reasonable time to amend[,] and the plaintiff, with the intention to delay, has not done so, the appellate court will not allow the plaintiff-appellant leave to amend." *John Birch Soc'y*, 377 F.2d at 199. But Defendants have

11

not argued that Plaintiffs had any intention to delay the suit, nor is such a motive otherwise apparent from the record.

As Defendants point out, other circuits have refused to permit § 1653 relief – even absent an intent to delay – when the party seeking to invoke federal jurisdiction has been given an opportunity to amend their pleadings at the district court level and failed to do so. *See, e.g.*, *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.21 (D.C. Cir. 1983) ("[C]ourts are not obliged to indulge litigants indefinitely, especially when their amendments constitute futile gestures."); *Mills v. Maine*, 118 F.3d 37, 53 (1st Cir. 1997) ("[W]e reiterate our view that, where a party has had an opportunity to seek to amend its pleadings in the district court, it is not appropriate for that party belatedly to seek leave to amend on appeal pursuant to 28 U.S.C. § 1653."). Nevertheless, on the record before us, we are not persuaded that such a refusal is warranted here. Significantly, the issue of jurisdiction was never raised by Defendants and was only identified by the district court eighteen months after the case commenced, when the court *sua sponte* ordered Plaintiffs to show cause why the case should not be dismissed. Beyond the order to show cause, Plaintiffs were not provided other opportunities to amend or otherwise clarify their jurisdictional argument prior to entry of judgment. Plaintiffs are not

12

blameless; they could have requested an opportunity to amend, and their response to Judge Sharpe's order left much to be desired. But we are reluctant to dismiss a complaint for lack of subject matter jurisdiction when subsequent facts reveal diversity jurisdiction may have existed all along. *See Dupont*, 565 F.3d at 64.

Considering the whole record pursuant to § 1653, we conclude that the sworn declarations of domicile dated May 2013 offered as part of Plaintiffs' motion for reconsideration suggest that Plaintiffs were in fact domiciled in Florida as early as 2013. Since the district court is in the best position to consider the veracity of this evidence in the first instance, we vacate the judgment of the district court and remand so that Plaintiffs may amend their complaint and so that the district court may determine whether the evidence provided by Plaintiffs – as a whole – is sufficient to invoke federal diversity jurisdiction.[3] On remand, the district court may also consider whether an award of costs to Defendants – including attorney's fees – would mitigate the prejudice incurred by Defendants through this late amendment. *See, e.g., Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) ("[A] district court, in its discretion, may impose costs pursuant to

---

[3] As a general matter, Plaintiffs must prove complete diversity by a preponderance of the evidence, but a change in domicile by clear and convincing evidence. *See Palazzo ex rel. Delmage*, 232 F.3d at 42; *Brignoli v. Balch, Hardy & Scheinman, Inc.*, 696 F. Supp. 37, 41 & n.5 (S.D.N.Y. 1988) (holding that the higher burden applies when proving a change of domicile).

Rule 15 as a condition of granting leave to amend in order to compensate the opposing party for additional costs incurred because the original pleading was faulty."); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1486 (3d ed. 2010) ("The statement in Rule 15(a)(2) that the court 'should freely give leave when justice so requires' presupposes that the court may use its discretion to impose conditions on the allowance of a proposed amendment as an appropriate means of balancing the interests of the party seeking the amendment and those of the party objecting to it. . . . The most common condition imposed on an amending party is costs."). Additionally, the parties shall bear their own costs on appeal.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is **VACATED** and **REMANDED** for further proceedings consistent with this opinion.