Bartolini v. Cassels

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand twenty.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> WILLIAM J. NARDINI,
> > *Circuit Judges.*

―――――――――――――――――――――――――――――

John A. Bartolini,

> *Plaintiff-Appellant*,

> v.                                                          18-3161

Inspector Vincent Cassels, In his Individual and Official Capacities; Inspector Thomas Kramer, In his Individual and Official Capacities; Westchester County Department of Consumer Protection; Administrative Law Judge Jay Hashmall, In his Individual and Official Capacities,

> *Defendants-Appellees.*

―――――――――――――――――――――――――――――

FOR PLAINTIFF-APPELLANT:      John A. Bartolini, *pro se*, Jefferson Valley, New York

FOR DEFENDANT-APPELLEES:      David H. Chen, Associate County Attorney, *for* John M. Nonna, Westchester County Attorney, White Plains, New York

Appeal from a judgment of dismissal entered on September 26, 2018, in the United States District Court for the Southern District of New York (Nelson S. Román, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff John A. Bartolini appeals from the dismissal of his complaint against the Westchester County Department of Consumer Protection ("WCCP"), two of its investigators, and an administrative law judge for alleged violations of his constitutional rights in denying renewal of Bartolini's business license. *See* 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*      \*      \*

Bartolini's principal argument on appeal is that the district court erred by denying his fourth request for an extension of time to amend his original complaint and his subsequent request for reconsideration of that denial. We review such denials for abuse of discretion, *see Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 284 (2d Cir. 2005) (extension); *see also Trikona Advisers Ltd. v. Chugh*, 846 F.3d 22, 29 (2d Cir. 2017) (reconsideration), which is not evident here, *see In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (observing that court abused its discretion "if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions" (internal quotation marks and citations omitted)).

Bartolini's fourth extension request, dated September 7, 2018, and received by the district court September 10, 2018, was untimely; the district court's third and "FINAL extension of time" having expired on September 5. Bartolini was thus required to demonstrate "excusable neglect," Fed. R. Civ. P. 6(b)(1), to merit a fourth favorable exercise of the district court's discretion. Bartolini failed to carry this burden. While he professed not to have received mailed notice of the August 21, 2018, third extension requiring him to file by September 5, he does not dispute receipt of electronic notice via his functioning email address to which ECF notifications were sent.

Moreover, even if Bartolini did not receive the third extension order by either regular mail or email, under the circumstances of this case, he still had an obligation to monitor the docket, particularly after expiration of the third extended filing deadline, which he had also been warned was "final." *See, e.g.*, *U.S. ex rel. McAllan v. City of New York*, 248 F.3d 48, 53 (2d Cir. 2001) (explaining that "parties have an obligation to monitor the docket sheet to inform themselves of the entry of orders"). His status as a *pro se* litigant did not exempt him from this obligation. *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) ("[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions."); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (observing that *pro se* litigants are not "exempt . . . from compliance with relevant rules of procedural and substantive law" (internal quotation marks omitted)).

For the same reasons, the district court did not abuse its discretion in denying Bartolini reconsideration. His letter motion pointed to no law or fact that the district court overlooked. It

merely reiterated the claim that Bartolini had not received a mailed copy of the August 21, 2018, extension order. He did not respond—much less deny—defendants' contention that he had received electronic notification. Bartolini thus did not meet the standard for reconsideration. *See Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (stating that reconsideration standard is "strict," and reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court" (internal quotation marks omitted)).

As to Bartolini's remaining arguments, because the district court did not abuse its discretion in denying a fourth filing extension, we confine our review of the district court's dismissal to Bartolini's original complaint. On appeal, Bartolini first argues that he stated a plausible due process claim because he (a) had a "property interest" in the renewal of his license and (b) was deprived of a "fair hearing" by "rigged" and "sham" proceedings. Appellant's Br. at 7–8. Second, he argues that the district court ignored his multiple citations to *Davidson v. Capuano*, 792 F.2d 275 (2d Cir. 1986). Neither argument merits reversal.[1]

It is well established that "many state-created privileges . . . are not to be taken away

---

[1] Bartolini does not address and, therefore, has waived any challenge he might have to the district court's findings that (1) he could not bring claims on behalf of the corporate entities he controlled, (2) the WCCP was not a legal entity subject to suit, (3) the individual defendants were immune from damages in their official capacities, and (4) he failed to state either an equal protection claim or a First Amendment retaliation claim. *See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n, AFL-CIO v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003) ("By failing to raise the issue on appeal, the argument is deemed waived.").

without that procedural due process"—specifically, "notice and some [advance] opportunity to be heard"—"required by the Fourteenth Amendment." *Gudema v. Nassau County*, 163 F.3d 717, 724 (2d Cir. 1998) (internal quotation marks omitted). "A deprivation of liberty or property through the conduct of a state employee whose acts are random and unauthorized, however, does not constitute a procedural due process violation so long as the state provides a meaningful remedy thereafter." *Id.*

Assuming, *arguendo*, as the district court did, that Bartolini had a property interest in the denied license, his "vendetta" allegations amount to a claim that the defendants' actions were random and unauthorized. In such circumstances, this Court has held that proceedings under New York's Article 78 and similar state-law provisions afford a meaningful post-deprivation remedy and, thus, preclude a procedural due process claim. *See, e.g.*, *Harris v. Mills*, 572 F.3d 66, 75–76 (2d Cir. 2009) (rejecting due process challenge to revocation of medical license because physician was given notice, opportunity to be heard, and "Article 78 post-deprivation remedy"); *Rivera-Powell v. N.Y.C. Bd. of Elections*, 470 F.3d 458, 466–67 (2d Cir. 2006) (holding judicial candidate whose name was removed from ballot failed to state due process claim because she "had the opportunity to obtain full judicial review by way of a special proceeding under New York Election Law section 16–102"); *Locurto v. Safir*, 264 F.3d 154, 174 (2d Cir. 2001) (rejecting due process claim by fired employees because "[a]n Article 78 proceeding . . . constitutes a wholly adequate post-deprivation hearing for due process purposes"); *Gudema*, 163 F.3d at 724–25 (rejecting due process challenge to county officials' suspension of plaintiff's driver's license because Article 78 provided "meaningful remedy"). The district court found, and Bartolini does not dispute on appeal, that he could have filed an Article 78 proceeding to challenge the denial of a license

5

renewal.   His failure to do so is fatal to his due process claim.   *See Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) ("An Article 78 proceeding is adequate for due process purposes even though the petitioner may not be able to recover the same relief that he could in a § 1983 suit.").

As for the district court's failure to cite *Davidson v. Capuano*, 792 F.2d 275, despite Bartolini doing so repeatedly in his brief, we identify no error because *Davidson* is not relevant to the ground for dismissal here.   In *Davidson*, this court held that *res judicata* does not bar a § 1983 lawsuit that follows an Article 78 proceeding if the state court could not have awarded the damages being sought in the federal action.   *Id.* at 281–82.   Here, the district court did not dismiss Bartolini's § 1983 claims on *res judicata* grounds.   Rather, the court dismissed the claims because they were vague and conclusory—a conclusion supported by the record.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We have considered Bartolini's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6