United States v. Gilmartin

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May , two thousand twenty.

PRESENT:  RAYMOND J. LOHIER, JR.,
　　　　　　JOSEPH F. BIANCO,
　　　　　　MICHAEL H. PARK,
　　　　　　　　　*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

　　　　　*Appellee*,

　　　v.

DAVID GILMARTIN,　　　　　　　　　　　No. 18-1831

　　　　　*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:　　　　David Gilmartin, *pro se*,
　　　　　　　　　　　　　　　　　　Barstow, CA.

FOR APPELLEE:                    Stanley J. Okula, Jr., Nanette L. Davis, Special Assistant United States Attorneys, Karl Metzner, Assistant United States Attorney, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the amended judgment and orders of the District Court are AFFIRMED.

David Gilmartin appeals from an amended judgment and orders, entered on May 9, 2018 and June 5, 2018, by the United States District Court for the Southern District of New York (Caproni, J.) modifying the restitution order that was imposed at Gilmartin's sentencing and denying Gilmartin's motion to reconsider the modification. We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, we note that the parties dispute whether our review on appeal is limited to the District Court's denial of the motion for reconsideration, or whether we can review the underlying order that modified the restitution order. Given the limited scope of the notice of appeal, which by its terms designates only the District Court's order denying the motion for reconsideration, we agree with the Government that our review is limited to whether the District Court's denial of reconsideration was an abuse of discretion. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 256 (2d Cir. 1995).

We conclude that the District Court did not abuse its discretion in denying Gilmartin's motion for reconsideration. See United States v. Yalincak, 853 F.3d 629, 635 (2d Cir. 2017). The motion failed to raise any new arguments that the District Court had not already addressed in its May 1, 2018 opinion and order. The motion also did not point to controlling authority or evidence that the District Court overlooked in its original order. See Shrader, 70 F.3d at 257.

Even assuming that we have jurisdiction to review the underlying modification, see Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 52 (2d Cir. 2019), we conclude that the District Court did not err in modifying Gilmartin's

restitution order. We review the imposition of a restitution order for abuse of discretion, but our review is de novo when the defendant asserts an error of law. United States v. Thompson, 792 F.3d 273, 276–77 (2d Cir. 2015). A district court may modify the restitution schedule if there is a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k).

There is no doubt that Gilmartin's economic circumstances materially changed after his release from prison. At the time of sentencing, Gilmartin was not collecting Social Security benefits. Following his release, Gilmartin elected to receive Social Security benefits, which satisfies the statutory test for a "material change in the defendant's economic circumstances." 18 U.S.C. § 3664(k); see also United States v. Grant, 235 F.3d 95, 100–01 (2d Cir. 2000) (holding that the release of frozen funds and the consequent availability of the funds following defendant's release from prison constituted a "material change"). Gilmartin also argues that the sentencing judge intentionally exempted any Social Security retirement benefits from restitution payments. In the absence of more explicit language that the sentencing judge even considered Gilmartin's Social Security benefits, we cannot conclude that those benefits were purposefully exempted

4

from these payments as Gilmartin claims.

We have considered Gilmartin's remaining arguments and conclude that they are without merit. For the foregoing reasons, the amended judgment and orders of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court