TAL Props. of Pomona, LLC v. Village of Pomona

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-three.

PRESENT:
> **MICHAEL H. PARK,**
> **EUNICE C. LEE,**
> > ***Circuit Judges***,
> **SIDNEY H. STEIN,**[*]
> > ***District Judge***.

---

TAL Properties of Pomona, LLC, Avrohom Manes,

> *Plaintiffs-Appellants*,

v.                                                  22-1826

Village of Pomona, Brett Yagel, individually and in his official capacity as Mayor of the Village of Pomona, Doris Ulman, individually and in her official capacity as Attorney for the Village of Pomona, Deputy Village Clerk Noreen Shea, individually and in her official capacity for the Village of Pomona, Clerk Treasurer Francis Arsa-Artha, individually and in her official capacity for

---

[*] Judge Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

the Village of Pomona, Building Inspector Louis Zummo, individually and in his official capacity for the Village of Pomona, Special Prosecutor Christopher Riley, individually and in his official capacity for the Village of Pomona, Deputy Mayor Leon Harris, individually and in his official capacity for the Village of Pomona, Trustee and Mayor Ian Banks, individually and in his official capacity for the Village of Pomona, Engineer Joseph Corless, individually and in his official capacity for the Village of Pomona,

*Defendants-Appellees.*†

FOR PLAINTIFFS-APPELLANTS:

DANIEL G. ASHBURN, Ashburn Law Office LLC, Atlanta, GA.

FOR DEFENDANTS-APPELLEES VILLAGE OF POMONA, CHRISTOPHER RILEY, AND JOSEPH CORLESS:

IRYNA S. KRAUCHANKA, Morris Duffy Alonso Faley & Pitcoff, New York, NY.

FOR DEFENDANTS-APPELLEES BRETT YAGEL, DORIS ULMAN, FRANCIS ARSA-ARTHA, AND LEON HARRIS:

Suzanne M. Halbardier, Barry, McTiernan & Moore LLC, New York, NY.

FOR DEFENDANT-APPELLEE LOUIS ZUMMO:

Eliza M. Scheibel, Janine A. Mastellone, Wilson Elser Moskowitz Edelman & Dicker, LLP, White Plains, NY.

FOR DEFENDANT-APPELLEE NOREEN SHEA:

Rondiene Novitz, Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP, Farmingdale, NY.

---

† The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Avrohom Manes is the sole owner of TAL Properties of Pomona, LLC (individually "Manes," and collectively, "TAL"), a real-estate developer in Pomona, New York. In 2017, TAL filed a lawsuit ("TAL 1") against the Village of Pomona and several Village officials in their individual and official capacities (collectively, "Pomona" or "Defendants") alleging (1) selective enforcement based on Manes's religion and (2) violations of the Free Exercise Clause of the First Amendment. The district court (Seibel, *J.*) dismissed TAL 1 for failure to state a claim. TAL then moved to reopen TAL 1 based on new evidence arising from a whistleblower complaint filed with the New York State Division of Human Rights, but the district court denied the motion. In 2019, TAL filed this suit ("TAL 2"), reiterating the allegations in TAL 1 and raising allegedly new evidence of Pomona's religious animus directed at Manes specifically and Pomona's Orthodox Jewish community generally. The district court (Halpern, *J.*) (1) dismissed with prejudice most of TAL's claims as barred by res judicata, (2) dismissed without prejudice TAL's claims against Defendant-Appellee Ian Banks, and (3) granted TAL thirty days to replead its claims against Banks. The district court then denied TAL's motion for reconsideration of TAL 2 and request for an extension of time to file an amended complaint. On appeal, TAL challenges the district court's dismissal of TAL 2 and the denial of an extension of time to amend. We

3

assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I.      Appellate Jurisdiction**

As an initial matter, we have jurisdiction to review the district court's dismissal of TAL 2 on res judicata grounds.   A "notice of appeal must . . . designate the judgment—or the appealable order—from which the appeal is taken."   Fed. R. App. P. 3(c)(1)(B).   We generally "construe notices of appeal liberally, taking the parties' intentions into account."   *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995).   Pomona contends that because "Plaintiffs' Notice of Appeal makes no mention of the Dismissal Order," our review is limited to TAL's "appeal [from] the denial of reconsideration."   Appellees' Br. at 16.   We disagree.   First, the district court's denial of reconsideration brings up for review the initial dismissal of the TAL 2 complaint.   "[A] notice of appeal from a final judgment brings up for review all reviewable rulings which produced the judgment."   *SongByrd, Inc. v. Est. of Grossman*, 206 F.3d 172, 178 (2d Cir. 2000) (citations and internal quotation marks omitted); *see also Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019) ("We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment.").   In *Van Buskirk*, the plaintiffs appealed from the order denying reconsideration of a dismissal but not the dismissal order itself.   *See* Notice of Appeal at 1, *Van Buskirk*, 935 F.3d 49 (No. 18-1469), ECF No. 1.   Nonetheless, the Court reviewed both the dismissal order and denial of reconsideration.   *Van Buskirk*, 935 F.3d at 54–56.   So too here, TAL's motion for reconsideration "largely renew[ed] arguments previously made in the underlying [dismissal] order" by revisiting the dismissal order's res judicata analysis.   *Id.* at 52.

4

We thus construe TAL's notice of appeal as encompassing the district court's underlying dismissal order in TAL 2.

Second, the district court's dismissal order in TAL 2 was not an appealable final order, so TAL could not have sought earlier review of the dismissal. "A final judgment or order is one that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). The district court's order dismissed without prejudice the claims against Banks and granted TAL 30 days to amend. Such a "dismissal with leave to amend is [considered] a non-final order and not appealable." *Slayton v. Am. Express Co.*, 460 F.3d 215, 224 (2d Cir. 2006). The district court's judgment did not become final until the denial of TAL's motion for reconsideration "directed" the clerk to "close the case." Special App'x at SPA-22. Therefore, we do not infer that TAL forfeited this Court's review of the dismissal order based on its failure to seek earlier review of the dismissal. We thus retain jurisdiction to review the dismissal order.[1]

---

[1] To the extent that TAL appeals from the district court's denial of its reconsideration motion, we consider any such challenge abandoned. TAL's arguments on appeal focus exclusively on the district court's dismissal on res judicata grounds, and TAL fails to raise arguments that independently challenge the district court's denial of reconsideration. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (citation and internal quotation marks omitted)).

## II.    Res Judicata

The district court did not err by holding that most of TAL's claims are barred by res judicata. "We review *de novo* a district court's grant of a defendant's motion to dismiss." *City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).

### A.    Burden of Proof

The district court did not improperly place the burden of proof on TAL. "[R]es judicata is an affirmative defense that should be raised in the defendant's answer," *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000), and the defendant must "plead and prove such a defense," *Taylor v. Sturgell*, 553 U.S. 880, 907 (2008).

TAL points to several examples of the district court shifting the burden to TAL, but all are unavailing. First, the district court did not improperly conclude that "*res judicata* bars claims unrelated to TAL1 based upon its presumption that they 'could have been' raised in TAL1." Appellant's Br. at 26 (emphasis omitted). The district court first found that Pomona met its burden that "allegations contained in the [Second Amended Complaint] . . . could have been raised in the Prior Action" and then rejected all of TAL's rebuttals as unpersuasive. Special App'x at SPA-5 to -9. Second, the district court did not err by applying res judicata to (1) undated allegations related to a snow-removal bill and (2) allegations related to a December 2017 stop-work order. We have previously held that "claim preclusion may apply where some of the facts on which a subsequent action is based post-date the first action but do not amount to a new claim." *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 384 (2d Cir. 2003). TAL's allegations are too vague to state a claim upon which relief may be granted. TAL makes conclusory allegations that the "snow removal bill is a complete fabrication" and "caus[ed] Plaintiffs continuing and ongoing

6

harm" without any greater specificity. App'x at A-45. Moreover, allegations about the stop-work order affecting TAL's "project on [a] driveway" are not backed by any specific evidence that the order was in fact "doctored" and pretextual. *Id.* at A-46 to -47. So the district court did not improperly shift the burden to TAL by applying the res judicata bar.

B. Application of Res Judicata

The district court did not err by dismissing TAL's arguments on res judicata grounds. "To prove the affirmative defense [of res judicata] a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." *Monahan*, 214 F.3d at 285. TAL challenges the second and third prongs.

1. *Privity*

The TAL 2 Defendants are in privity with the TAL 1 defendants. "[L]iteral privity is not a requirement for *res judicata* to apply"; rather, the Court must engage in "a functional inquiry" to determine whether the parties' "interests were adequately represented by another vested with the authority of representation." *Id.* TAL's arguments to the contrary are without merit. First, TAL forfeited this argument below by failing to respond to Pomona's motion-to-dismiss argument that there is privity. We decline to consider arguments raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994).

Second, in any event, TAL cannot defeat privity by adding new Defendants, all of whom are sued in their official capacities and are thus in privity with the Village of Pomona. *See Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). TAL relies on cases in which officers were sued only in their individual capacities, whereas Defendants here have been sued in their official

7

and individual capacities.  *See Fabian v. Pappalardo*, 395 F. Supp. 3d 257, 264 (S.D.N.Y. 2019) ("[B]ecause each of the officers is sued in his individual capacity, rather than his official capacity, they are not in privity with the City." (citations omitted)); *Stancuna v. Sherman*, 563 F. Supp. 2d 349, 354 (D. Conn. 2008) (finding no privity when the defendant was "sued only in his individual, not official, capacity").

2.    *Prior Action*

TAL 2 does not raise new claims unrelated to TAL 1.  "Whether a claim that was not raised in the previous action could have been raised therein depends in part on whether the same transaction or connected series of transactions is at issue, and whether the same evidence is needed to support both claims."  *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) (citation and internal quotation marks omitted).  First, TAL 2's allegations about the "Subdivided Properties" repackage allegations made in TAL 1.[2]  Second, as to allegations of antisemitism, TAL 2 raises "additional instances of what was previously asserted" in TAL 1, permitting the inference that both TAL lawsuits arise from a "common nucleus of operative facts."  *Waldman v. Village of Kiryas Joel*, 207 F.3d 105, 113 (2d Cir. 2000).   The district court thus did not err by concluding that TAL 2's claims could have been raised in TAL 1.

---

[2] *Compare* App'x at A-42 ("Defendants . . . threatened to retroactively withdraw 22 High's Certificate of Occupancy[] unless Plaintiffs would sign an agreement . . . that the road accessing 22 High was not a village road . . . in order to impede and delay Plaintiffs' ability to sell the Subdivided Properties."), *with id.* at A-120 to -121 ("[T]he Village of Pomona threatened to withdraw the certificate of occupancy if plaintiff failed to sign an agreement acknowledging, *inter alia*, that the road accessing the property was not a village road and that its maintenance was the sole responsibility of the property owner.").

### 3. *"Due Diligence" Exception*

We do not decide whether the exception to res judicata for "newly discovered evidence" that "could not have been discovered with due diligence" applies here. *In re Layo*, 460 F.3d 289, 292–93 (2d Cir. 2006). TAL argues that the 2019 revelation of Defendant-Appellee Noreen Shea's recordings and the 2018 admissions of Defendants-Appellees Louis Zummo and Doris Ulman support finding a due-diligence exception to res judicata. But even if the due-diligence exception applied, TAL fails to articulate how Shea's recordings or the 2018 admissions would have provided new evidence beyond what TAL had already alleged in substance or of which it was unaware before the January 10, 2018 dismissal of TAL 1. So the newly discovered evidence amounts to "nothing more than additional instances of what was previously asserted" and would thus have not changed the outcome of TAL 1. *Waldman*, 207 F.3d at 113.

## III. Claims Against Banks

The district court did not err by dismissing TAL's claims against Banks under Fed. R. Civ. P. Rule 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pleadings that are "no more than conclusions . . . are not entitled to the assumption of truth." *Id.* at 679. TAL's allegations against Banks are conclusory, suggesting he "reneged on his promises after being elected Mayor," "sought to undo personnel changes," and at an unspecified time threatened to "enforce code and building violations" and block development unless Manes and another Pomona resident "dismissed their

lawsuits for discrimination against the Village." App'x at A-80 to -81. TAL also alleges that Banks told Manes, "You people now have too much power," but the Second Amended Complaint does not connect this statement with any specific misconduct against TAL. *Id.* at A-80. Moreover, as the district court noted, TAL fails to "tether these allegations [against Banks] to a specific claim for relief" in the Second Amended Complaint. Special App'x at SPA-9. Accordingly, we conclude that the district court did not err by dismissing the claims against Banks for failure to state a claim.

**IV.  Extension of Time to Amend**

Finally, the district court did not commit an abuse of discretion by denying TAL's request for an extension of time to file an amended complaint. "We review a district court's [denial of an] extension of time for abuse of discretion." *Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 226 (2d Cir. 2004). The district court reasonably denied TAL's request because TAL had notice of the deadline to amend but failed to comply. The district court's September 7, 2021 dismissal order permitted TAL to file a Third Amended Complaint "within thirty days of the date of this Order"—*i.e.*, October 7, 2021. Special App'x at SPA-9. TAL requested an "extension of time to file a motion for reconsideration" until October 11, 2021, "and that any other deadlines or conferences in this case be deferred until after that date." *Id.* at SPA-11. The district court granted the application. *Id.* But when TAL moved for a second extension, it sought only "a one-week extension to file a motion for reconsideration," without any mention of "other deadlines," such as the deadline to amend. *Id.* at SPA-12. The district court's grant of the second extension request also made no mention of the deadline to amend. *Id.* TAL's motion for reconsideration again made no reference to the deadline to amend, and TAL did not request an extension of this

10

deadline until the end of its reply brief. *See* App'x at A-487. The district court was thus within its discretion to deny TAL's untimely request for an extension, especially considering it was raised for the first time in TAL's reply brief supporting its motion for reconsideration. *Cf. Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010) ("Issues raised for the first time in a reply brief are generally deemed waived.").

\* \* \*

We have considered all of TAL's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11