25-259-cv
Powell v. Maldonado

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of April, two thousand twenty-six.

PRESENT:  GERARD E. LYNCH,
               RAYMOND J. LOHIER, JR.,
               STEVEN J. MENASHI,
                 *Circuit Judges*.

-----------------------------------------------------------------

DARNEL POWELL,

       *Plaintiff-Appellant*,

     v.

LISA MALDONADO, ANN ALEXANDER, WESTBURY TEACHERS' ASSOCIATION, NEW YORK STATE EDUCATION DEPARTMENT, WESTBURY UNION FREE SCHOOL DISTRICT, WESTBURY UNION FREE SCHOOL

No. 25-259-cv

FREE BOARD OF TRUSTEES,

    *Defendants-Appellees.*[*]

-------------------------------------------------------------------

| | |
|---|---|
| FOR APPELLANT: | DARNEL POWELL, *pro se*, Hackensack, NJ |
| FOR APPELLEES LISA MALDONADO, ANN ALEXANDER, WESTBURY UNION FREE SCHOOL DISTRICT, WESTBURY UNION FREE SCHOOL FREE BOARD OF TRUSTEES: | Adam I. Kleinberg, Guercio & Guercio, LLP, Farmingdale, NY |
| FOR APPELLEE NEW YORK STATE EDUCATION DEPARTMENT: | Barbara D. Underwood, Solicitor General, Matthew W. Grieco, Senior Assistant Solicitor General of Counsel, Katie Kroft, Law Student Intern, *for* Letitia James, Attorney General for the State of New York, New York, NY |
| FOR APPELLEE WESTBURY TEACHERS' ASSOCIATION: | Robert T. Reilly, Christopher Lewis, Law Office of Robert T. Reilly, New York, NY |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

2

Plaintiff-Appellant Darnel Powell, representing himself, appeals from the January 3, 2025 judgment of the United States District Court for the Eastern District of New York (Kovner, *J.*) dismissing his amended complaint for lack of subject matter jurisdiction, and from the January 30, 2025 order denying his motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

"When reviewing the dismissal of a complaint for lack of subject matter jurisdiction, we review factual findings for clear error and legal conclusions *de novo*, accepting all material facts alleged in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 52–53 (2d Cir. 2019) (quotation marks omitted). We also "liberally construe" submissions "by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quotation marks omitted).

Powell first argues that the District Court erred when it concluded that he failed to plead diversity of citizenship as required to assert federal jurisdiction.[1] *See* 28 U.S.C. § 1332. We disagree. ''An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[—]in other words, the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'' *Van Buskirk*, 935 F.3d at 53 (cleaned up). We have explained that "[a] person has only one domicile at any given moment, though it may change," and that "[f]or purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Id.* We review a district court's factual finding of domicile for clear error. *See Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

Powell bore the burden of demonstrating that he was domiciled in a State other than New York at the time he filed his original complaint. *See Van Buskirk*, 935 F.3d at 53, 56 n.3; *Wright v. Musanti*, 887 F.3d 577, 584 (2d Cir. 2018)

---

[1] The District Court correctly concluded and Powell does not dispute that the references in the amended complaint to the Treaty of Peace and Friendship of 1787, the Fifth Amendment, and the Sixth Amendment failed to allege a non-frivolous federal claim, the other basis for federal jurisdiction. *See* App'x 24; *Dusenbery v. United States*, 534 U.S. 161, 167 (2002); *Turner v. Rogers*, 564 U.S. 431, 441 (2011).

(explaining that, in general, "whether federal diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the action is commenced" (cleaned up)). As the District Court determined, Powell failed to carry his burden. Both his original and amended complaints "claim[ Powell] [wa]s 'doing business' in New York and list[ed his] mailing address in New York." App'x 26; *see* D. Ct. Dkt. No. 1 at 27. They thus indicate that Powell was domiciled in New York. And neither Powell's allegation that he identified as a "Moorish American" born in the "Northwest Amexem currently known as the Americas" nor Powell's Allodial American National Identification Card documenting his mailing address in New York establish that he was a citizen of a foreign state who is not lawfully admitted for permanent residence in the United States. Spec. App'x 76. The Statement of Claim Upon Relief Powell filed was "similarly unavailing." *Van Buskirk*, 935 F.3d at 54. Although the document cursorily asserts that Powell resided in West Virginia, it repeats his New York mailing address and never specifies that he was domiciled in West Virginia at the time the original complaint was filed and the action commenced.

On this record, we conclude that the District Court did not clearly err in finding that Powell was domiciled in New York when the action commenced.

The court therefore properly dismissed Powell's amended complaint. *See id.*;

*Windward Bora LLC v. Browne*, 110 F.4th 120, 129 (2d Cir. 2024).

Pointing to evidence produced post-judgment that he was "domiciled in New Jersey months before [his original] complaint was filed," Appellant's Br. 7, Powell also challenges the District Court's denial of his request for leave to amend the complaint. But before Powell can file a second amended complaint, he must "first have the judgment vacated or set aside pursuant to Fed. R. Civ. P. 59(e) or 60(b)." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 358 n.3 (2d Cir. 2023) (quotation marks omitted). The District Court did not abuse its discretion in denying Powell's motion for post-judgment relief under Rule 60(b). Powell failed to identify any evidence that was "newly discovered" or any other basis that would justify relief. Fed. R. Civ. P. 60(b). Surely Powell knew at the time of the original dismissal of his complaint where he lived in 2023.

Moreover, Powell's proposed evidence suffers from another crucial deficiency. In support of the motion, Powell submitted a New Jersey driver's license issued in January 2025 and a residential lease for property in New Jersey for the period from January 2025 to December 2025. Those documents are evidence of where Powell lived in 2025, but neither is evidence that Powell

resided, let alone was domiciled, in New Jersey when the original complaint was filed in 2023. *See Van Buskirk*, 935 F.3d at 54. The District Court thus acted well within its discretion in denying Powell's Rule 60(b) motion.

Powell then moved for reconsideration, including with his motion statements from himself and Alberto Almonte Jr. that Powell "reside[d]" in New Jersey in 2022. However, Powell filed the motion for reconsideration, and the District Court denied it, after he had already filed his notice of appeal that opened the present case in this Court. Powell did not subsequently amend his notice or file a new notice of appeal from the denial of reconsideration. We therefore lack jurisdiction over the denial of the motion for reconsideration. *See Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014).

We have considered Powell's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED. Powell's motions to file a reply brief and for summary judgment are DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court