**UNIVERSAL LICENSING CORP., Plaintiff–Appellant,**

v.

**PAOLA DEL LUNGO S.P.A., Paola del Lungo, and John Does 1 Through 5, Defendants–Appellees.**

**Docket No. 01–7150.**

United States Court of Appeals, Second Circuit.

Submitted: May 9, 2002.

Decided: May 21, 2002.

Michael S. Kimm, Hackensack, NJ, for Plaintiff–Appellant.

Before: FEINBERG, KEARSE, and B.D. PARKER, JR., Circuit Judges.

KEARSE, Circuit Judge.

Plaintiff Universal Licensing Corp. ("Universal") appeals from a final judgment of the United States District Court for the Southern District of New York, William H. Pauley III, *Judge,* dismissing its breach-of-contract suit against defendants Paola del Lungo, S.p.A., an Italian corporation, and Paola del Lungo, an Italian citizen (collectively "PDL"), along with other unidentified persons, for lack of diversity jurisdiction. In an order entered January 31, 2001 ("January 2001 Order"), the district court found that Universal was a foreign corporation, incorporated in Korea, and that, as the only parties to this action were foreign entities, diversity, within the meaning of 28 U.S.C. § 1332, was lacking. The court also admonished plaintiff's attorney for, *inter alia,* repeatedly violating the court's instructions not to file a motion for a preliminary injunction until the court had resolved the threshold question of subject matter jurisdiction. On appeal, Universal contends principally that the dismissal was erroneous because Universal was a citizen of the State of New Jersey. In addition, Universal's attorney contends that the court's "admonishment" of him should be reversed. For the reasons that follow, we affirm the judgment dismissing the complaint for lack of diversity jurisdiction. The attorney's contentions are rejected for lack of appellate jurisdiction.

A. *The Dismissal for Lack of Diversity*

The pertinent legal principles with respect to diversity jurisdiction are clearly established. To the extent relevant here, diversity is present when the action is between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), or between "citizens of different States and in which citizens or subjects of a foreign state are additional parties,"

*id.* § 1332(a)(3). However, diversity is lacking within the meaning of these sections where the only parties are foreign entities, or where on one side there are citizens and aliens and on the opposite side there are only aliens. *See, e.g., Romero v. International Terminal Operating Co.,* 358 U.S. 354, 381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959) (dictum); *Dassigienis v. Cosmos Carriers & Trading Corp.,* 442 F.2d 1016, 1017 (2d Cir.1971) (per curiam).

■ For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated. *See* 28 U.S.C. § 1332(c)(1). For purposes of §§ 1332(a)(2) and (3), " '[e]ven if a corporation organized under the laws of a foreign nation maintains its principal place of business in a State, and is considered a citizen of that State, diversity i[s] nonetheless defeated if another alien party is present on the other side of the litigation.' " *Franceskin v. Credit Suisse,* 214 F.3d 253, 258 (2d Cir.2000) (quoting *International Shipping Co., S.A. v. Hydra Offshore, Inc.,* 875 F.2d 388, 391 (2d Cir.), *cert. denied,* 493 U.S. 1003, 110 S.Ct. 563, 107 L.Ed.2d 558 (1989)); *see also Creaciones Con Idea, S.A. de C.V. v. Mashreqbank PSC,* 232 F.3d 79, 82 (2d Cir.2000) (per curiam) (diversity lacking in suit by a Mexican corporation against a corporation organized under the laws of the United Arab Emirates, even if the defendant's principal place of business was in New York); *Corporacion Venezolana de Fomento v. Vintero Sales Corp.,* 629 F.2d 786, 790 (2d Cir.1980) (diversity lacking in suit by a Venezuelan corporation against a Swiss corporation that had its principal place of business in New York), *cert. denied,* 449 U.S. 1080, 101 S.Ct. 863, 66 L.Ed.2d 804 (1981).

■ In an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced, *see, e.g., Linardos v. Fortuna,* 157 F.3d 945, 947 (2d Cir.1998), and "[i]t is . . . hornbook law that the party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction," *id.* (citing 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3522, at 62–65 (2d ed.1984); 15 J. Moore, *Moore's Federal Practice* § 102.14, at 102–24 (3d ed.1998)). "That party must allege a proper basis for jurisdiction in his pleadings and must support those allegations with 'competent proof' if a party opposing jurisdiction properly challenges those allegations . . . or if the court *sua sponte* raises the question. . . ." *Linardos v. Fortuna,* 157 F.3d at 947.

■ In the present case, which was commenced in November 1999, the only identified defendants were, and were alleged in the complaint to be, citizens of Italy. The complaint premised subject matter jurisdiction solely on diversity of citizenship and alleged that Universal was incorporated in, and had its principal place of business in, New Jersey. PDL moved to dismiss on the ground that Universal was in fact incorporated only in Korea. In support of its motion, PDL presented (a) an October 1999 Korean document entitled "Registration of Corporation" for the "establishment" of Universal, and (b) a March 2000 report from the New Jersey Department of the Treasury showing that Universal was not a New Jersey corporation because its New Jersey charter had been revoked in December 1998. "The entirety of plaintiff's response" to this evidence was that " 'Universal never intended to close its [New Jersey] charter,' and the revocation was 'a mistake.' " January 2001 Order at 7 (quoting affidavit submitted by Universal). The district court correctly ruled that Universal could not be considered to be incorporated in a state that had revoked its corporate charter, and that Universal's response was insufficient to re-

but PDL's evidence that, at the time this suit was commenced, Universal was incorporated in Korea and not in New Jersey. Universal plainly failed to carry its burden of proving facts that would establish diversity of citizenship within the meaning of 28 U.S.C. §§ 1332(a)(2) or (3).

Accordingly, the district court correctly determined that this action was solely between foreign parties and that diversity was lacking. We affirm the judgment of dismissal substantially for the reasons stated in the January 2001 Order.

## B. *The District Court's Admonition to Universal's Attorney*

In its January 2001 Order, the court also admonished Universal's attorney Michael S. Kimm that he must comply with the procedural rules governing federal civil actions. Kimm asks this Court to reverse this admonition. The record reflects that the background of the court's admonition included the following.

The present action was commenced on November 23, 1999. Universal, represented throughout by Kimm, duly filed its complaint but attempted to serve PDL by delivering papers to PDL's marketing agent, who was not authorized to accept service. Universal then immediately sought a temporary restraining order ("TRO") and a preliminary injunction against PDL. The district court refused to grant a TRO, noting that PDL had not been served with process and stating, *inter alia*, that the papers did not reveal any likelihood of irreparable injury or any emergency circumstances. (*See* Hearing Transcript, November 23, 1999, at 4–8.) The court invited Universal to return to court six days later, after service of process had been properly effected on PDL, at which time the court would entertain a motion for a preliminary injunction; the court stated, however, that the motion should not include any reference to a TRO.

(*See id.* at 8–10.) Universal did not return to court as invited; instead it served on PDL the motion papers, including the unsigned TRO.

A month later, Universal made another request for a TRO. Its submission consisted only of a two-page order, unaccompanied by proof of service, and its request was unsupported by any affidavit or memorandum of law. The court chastised Kimm for having served PDL with papers that included reference to a TRO (*see* Hearing Transcript, December 22, 1999, at 3), given the court's earlier instruction to remove all such references (*see* Hearing Transcript, November 23, 1999, at 9 ("you are going to strike all references to temporary restraining orders")); and it declined to sign the new TRO, noting that there was no affidavit of service and that no grounds for injunctive relief were stated (*see* Hearing Transcript, December 22, 1999, at 8–9). The court advised Kimm to conform his papers to the Federal Rules of Civil Procedure. (*See id.* at 10–11.)

In early March 2000, PDL, by then represented by counsel, raised the question of subject matter jurisdiction. The district court held a lengthy conference and indicated that the question of subject matter jurisdiction needed to be resolved as a threshold issue. The court issued a scheduling order for a motion by PDL to dismiss and for Universal's response. Universal, in addition to responding to the motion to dismiss, filed a motion for a default judgment against PDL. The district court criticized Kimm for filing the default motion without requesting a pre-motion conference, and it struck that motion as premature and unauthorized, given the court's previous instruction that the existence of subject matter jurisdiction be determined as the threshold issue. *See* Order dated March 28, 2000.

On March 30, Kimm sent the district court a letter that, *inter alia*, asked the

court to enter a preliminary injunction. By endorsement, the court denied the request, stating, *inter alia*, "This Court will not enter a preliminary injunction before determining the threshold jurisdictional issues." Order dated April 7, 2000.

On May 19, 2000, Universal again moved for a TRO and a preliminary injunction. The court again denied the motion, criticized Kimm for filing the motion without requesting a pre-motion conference, and reiterated that "this Court will not entertain such an application until the threshold jurisdictional issues are resolved." Order dated May 24, 2000.

At a hearing on June 7, 2000, the district court criticized Kimm for his repeated filings of motions seeking relief prior to the resolution of the jurisdictional issue, in disregard of the court's repeated instructions and statements that it would not consider any application for relief before satisfying itself that it had jurisdiction. The court also noted that in May 2000 Kimm had conducted discovery *ex parte*, obtaining PDL documents from PDL's marketing agent (who had a financial stake in Universal's success in the lawsuit). The court stated that, in light of Universal's actions, the court would entertain a motion by PDL for sanctions. PDL promptly filed such a motion, indicating that it sought reimbursement of some $9,000 in attorneys' fees and expenses.

In its January 2001 Order, the court noted that Universal's response to PDL's sanction motion consisted of "a five-page, double-spaced letter without any supporting affidavits[, arguing] that its motions were appropriate because defendants lied about their lack of contacts with New York State," and that this response was "hardly satisfactory." January 2001 Order at 14. The court stated that

> both plaintiff and Kimm have repeatedly failed to follow the Federal Rules of Civil Procedure including Rule 26, this Court's orders and this Court's Individual Practices. Moreover, Kimm's *ex parte* use of a Rule 45 subpoena is beyond the bounds of federal practice. *See* Fed.R.Civ.P. 45. This Court admonishes Michael S. Kimm, Esq. to comply strictly with the procedural rules governing civil actions in the Southern District of New York.

January 2001 Order at 14–15. The court nonetheless declined to award PDL monetary sanctions, finding that the sum sought was inconsequential when compared to the expense of defending such an award against an inevitable appeal.

In Universal's brief on appeal, Kimm argues that the district court's admonition to him should be reversed, stating that the court should not prevent a party from filing motions and that Kimm had done nothing improper. Kimm's argument is not properly before us.

Where a party's attorney has been sanctioned and no separate notice of appeal is filed on his behalf, and the notice of appeal filed on behalf of the party does not designate the attorney as an appellant or indicate the attorney's intent to participate in the appeal as a party, this Court lacks jurisdiction to entertain the challenge to the imposition of a sanction against counsel. *See, e.g.,* Fed. R.App. P. 3(c); *Agee v. Paramount Communications Inc.,* 114 F.3d 395, 399–400 (2d Cir.1997). In the present case, Universal's notice of appeal stated, *in toto,* as follows:

> PLEASE TAKE NOTICE that plaintiff appeals from the judgment entered January 31, 2001, dismissing the case and effectively denying preliminary injunction, together with all previous orders of Judge William H. Pauley, III, to the United States Court of Appeals for the Second Circuit, pursuant to 28 U.S.C. § 1291.

The notice of appeal was signed by Kimm only as "Attorney for plaintiff." There being no indication in this notice that Kimm personally was to be a party to the appeal, and there being no separate notice of appeal filed on behalf of Kimm, we have no jurisdiction to entertain Kimm's challenge to the district court's admonition.

We note that given (a) the appropriateness of the court's declining to enter injunctive orders prior to determining that it has subject matter jurisdiction, (b) the discretion of the district court to schedule the proceedings in an orderly manner, and (c) the record of Kimm's persistent disregard of the district court's orders and instructions, some of which is described above, if we had jurisdiction, we would affirm the admonition.

## CONCLUSION

We have considered all of Universal's arguments on this appeal and have found them to be without merit. The judgment of the district court is affirmed.