Benjamin Tagger v. Strauss Grp. Ltd.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Argued: January 8, 2020                    Decided: February 27, 2020)

Docket No. 18-3189

_____

BENJAMIN TAGGER,

*Plaintiff-Appellant*,

v.

STRAUSS GROUP LTD.,

*Defendant-Appellee*,

SABRA DIPPING CO., LLC,

*Defendant*.

_____

Before: KEARSE, CALABRESI, and POOLER, *Circuit Judges*.

Appeal from United States District Court for the Eastern District of New

York (Cogan, *J.*) dismissing the complaint for lack of subject matter jurisdiction.

We hold that 28 U.S.C. § 1332(a)(2) does not confer diversity jurisdiction where a permanent resident alien sues a non-resident alien, and that the 1951 Treaty of Friendship, Commerce and Navigation ("FCN Treaty") between the United States and Israel does not otherwise confer federal jurisdiction in this lawsuit.

Affirmed.

_____

BENJAMIN TAGGER, pro se, Brooklyn, NY.

SILVIA OSTROWER, JOSEPH J. SALTARELLI, Hunton Andrews Kurth LLP, New York, NY, *for Defendant-Appellee.*

PER CURIAM:

Appeal from United States District Court for the Eastern District of New York (Cogan, *J.*) dismissing the complaint for lack of subject matter jurisdiction. We hold that 28 U.S.C. § 1332(a)(2) does not confer diversity jurisdiction where a permanent resident alien sues a non-resident alien, and that the 1951 Treaty of Friendship, Commerce and Navigation ("FCN Treaty") between the United States and Israel does not otherwise confer federal jurisdiction in this lawsuit.

Appellant Benjamin Tagger, pro se, sued the Strauss Group Limited ("Strauss") for various common law contract and tort claims, alleging that

2

Strauss falsely brought legal action against him in Israel which caused him to be prohibited from leaving Israel. Tagger premised federal jurisdiction on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Although a citizen of Israel, Tagger lives in Brooklyn as a lawful permanent resident, and Strauss is an Israeli corporation with its headquarters there. Strauss moved to dismiss the complaint for, inter alia, lack of subject matter jurisdiction and under forum non conveniens. The district court granted the motion to dismiss, reasoning that Tagger's permanent resident status did not authorize him to be considered a citizen of New York for diversity purposes when the defendant was also an alien, and that Israeli courts were a more appropriate forum in which to litigate the case.

We review factual findings in dismissals for lack of subject matter jurisdiction for clear error and legal conclusions de novo. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under 28 U.S.C. § 1332, federal courts have jurisdiction to hear cases between diverse parties "where the matter in controversy exceeds the sum or value of $75,000[.]" 28 U.S.C. § 1332(a). Section 1332 requires "complete diversity," meaning that "all plaintiffs must be citizens of states diverse from those of all defendants." *Pa. Pub. Sch. Emps.' Retirement Sys.*

*v. Morgan Stanley & Co., Inc.*, 772 F.3d 111, 118 (2d Cir. 2014). Diverse parties consist of citizens of different states or "citizens of a State and citizens or subjects of a foreign state[.]" 28 U.S.C. § 1332(a)(2). Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted). Here, it is undisputed that Strauss, an Israeli corporation with its headquarters in Petach Tivka, is a foreign party for the purposes of diversity. *See* 28 U.S.C. § 1332(c)(1). The issue then is whether Tagger, an Israeli citizen and permanent resident in the United States domiciled in New York, is a "citizen" of New York for diversity purposes.

We conclude that Tagger is an alien for the purposes of diversity jurisdiction. As the district court discussed, section 1332 was amended in 1988 to state that "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled" (the "deeming clause"). Pub. L. No. 100-702, § 203(a), 102 Stat. 4642, 4646 (1988). This created disagreement in the federal courts with respect to whether permanent resident aliens, like Tagger, would be considered aliens when suing other aliens. *Compare Singh v. Daimler-Benz AG*, 9 F.3d 303, 306–12 (3d Cir. 1993) *with Saadeh v. Farouki*,

4

107 F.3d 52, 60-61 (D.C. Cir. 1997). But in 2011, section 1332 was amended as a part of the Federal Courts Jurisdiction and Venue Clarification Act to remove the "deeming clause" and to amend section 1332(a)(2) to state that jurisdiction existed in suits between "citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State." Pub. L. No. 112-63, § 101, 125 Stat. 758 (2011); *see also* H. Rep. No. 112-10, at 7 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576, 580 (noting that as amended, the section "would provide that the district courts shall not have diversity of citizenship jurisdiction under paragraph 1332(a)(2) of a claim between a citizen of a state and a citizen or subject of a foreign state admitted to the United States for permanent residence and domiciled in the same state"). The legislative history of this amendment shows that Congress intended to address the constitutional problems posed by the deeming clause. *See* U.S. Const. art. III, § 2, cl. 1 (extending judicial power to controversies "between Citizens of different States . . . and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects"). The House Report

5

accompanying the 2011 bill stated that the amendment was intended to ensure that permanent resident aliens "would no longer be deemed to be U.S. citizens for purposes of diversity jurisdiction, thereby avoiding the possibly anomalous results" with respect to the 1988 language. H.R. Rep. No. 112-10, at *7 (2011), *reprinted in* 2011 U.S.C.C.A.N. 576 (Leg. Hist.).

Accordingly, because federal courts do not have diversity jurisdiction over lawsuits between two foreign parties, we conclude that section 1332(a)(2) does not give the district court jurisdiction over a suit by a permanent resident against a non-resident alien. Under section 1332, both Tagger and Strauss are considered aliens and therefore are not diverse. *See Univ. Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

Tagger does not challenge the district court's interpretation of section 1332, but rather argues that the 1951 Treaty of Friendship, Commerce and Navigation ("FCN Treaty") between the United States and Israel provides him with jurisdiction under its "access to courts" provisions. This argument is meritless. The treaty provides that "[n]ationals [of either the United States and Israel] . . . shall be accorded national treatment and most-favored-nation treatment with respect to access to the courts of justice and to administrative tribunals and

6

agencies within the territories of the other Party, in all degrees of jurisdiction, both in pursuit and in defense of their rights." Treaty of Friendship, Commerce and Navigation, Israel-U.S., art. V(1), Aug. 23, 1951, 5 U.S.T. 550.

We have previously commented that these types of "access" provisions of international commercial treaties were "intended to guarantee treaty nationals equal treatment with respect to procedural matters like filing fees, the employment of lawyers, legal aid, security for costs and judgment, and so forth." *Blanco v. United States*, 775 F.2d 53, 62 (2d Cir. 1985). The terms "national treatment" and "most-favored-nation treatment" also do not offer Tagger any relief. The Supreme Court has stated that "national treatment" means nothing more than offering foreign nationals "equal treatment" with domestic nationals. *See Sumitomo Shoji Am., Inc. v. Avagliano*, 457 U.S. 176, 188 n.18 (1982). Similarly, "most-favored-nation treatment means treatment no less favorable than that accorded to nationals or companies of any third country." *Id.* Therefore, the access provision of the Israel-U.S. FCN Treaty does not offer Tagger any more substantive rights than any U.S. citizen would be entitled. Tagger is still required to show that there is complete diversity between the parties, just like any U.S. citizen would. Because there is no complete diversity, the district court properly

determined that it lacked subject matter jurisdiction. *See Pa. Pub. Sch. Emps.'*

*Retirement Sys.*, 772 F.3d at 118.

## CONCLUSION

For the reasons discussed above, we hold that section 1332(a)(2) does not

give the district court jurisdiction over a suit by a permanent resident alien

against a non-resident alien, and that the Israel-U.S. FCN Treaty does not

otherwise confer federal jurisdiction to Tagger's claims. Accordingly, the

judgment of the district court is hereby **AFFIRMED**.