Biswas v. Rouen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty.

PRESENT:
> **BARRINGTON D. PARKER,**
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

Tuhin Kumar Biswas,

> *Plaintiff-Appellant*,

> v.                                                    19-3452

Ethan Rouen, Suresh Nallareddy, Urooj Khan, Fabrizio Ferri, Doron Nissim, Columbia University in the City of New York,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:          Tuhin Kumar Biswas, *pro se*, Kolkata, West Bengal, India.

FOR DEFENDANTS-APPELLEES:         Andrew William Schilling, Brian Jeffrey Wegrzyn, Buckley LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Tuhin Kumar Biswas, proceeding *pro se*, appeals the district court's judgment dismissing his complaint without leave to amend. Biswas asserted that Defendants, a graduate student and certain professors, plagiarized a paper he had written while he was a student at Columbia University and raised the following claims: "intellectual property violation;" breach of trust; destruction of evidence; and fraudulent procedure. In his opposition to Defendants' motion to dismiss, he also raised, *inter alia*, claims under the First and Ninth Amendments. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Dismissal**

"We review the grant of a motion to dismiss *de novo*, accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." *Fink v. Time Warner Cable*, 714 F.3d 739, 740–41 (2d Cir. 2013). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (Although "a court must accept as true all of the allegations contained in a complaint," this tenet is "inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Contrary to Biswas's contentions on appeal, the district court properly cited the standards in *Iqbal*

and *Twombly*. In any event, the district court did not rule that Biswas's factual allegations were conclusory; instead, it held that Biswas's allegations failed to state any federal claim.

We agree. Biswas's plagiarism allegations fail to state a claim under the Copyright Act because he did not register his paper for copyright. *See* 17 U.S.C. § 411(a) ("[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made[.]"); *Fourth Estate Pub. Benefit Corp. v. Wall-Street.com*, *LLC*, 139 S. Ct. 881, 887 (2019). Despite Biswas's argument that plagiarism can be adjudicated outside the Copyright Act, he identifies no other law supporting such a cause of action.

To the extent that Biswas sought to raise civil rights and constitutional claims, those claims fail because Columbia University and its employees are private actors. *See Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 263 (2d Cir. 2014) ("Because the United States Constitution regulates only the Government, not private parties, a litigant . . . who alleges that h[is] constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (internal quotation marks omitted)). Biswas's argument that Columbia University is subject to the First Amendment based on its internal activities supporting the Amendment is meritless because it does not allege state action. *See Grogan*, 768 F.3d at 264 (the state-action requirement is met where the "allegedly unconstitutional conduct is fairly attributable to the State" (internal quotation marks omitted)).

Because Biswas failed to state a federal claim, the district court properly dismissed the complaint and declined to exercise supplemental jurisdiction over any state-law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("[A] district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original

3

jurisdiction." (internal quotation marks omitted)).[1]

Finally, we decline to consider Biswas's arguments raised for the first time on appeal, including his Sherman Act claim and his assertion that the district court should have recused itself. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016) ("It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal." (internal quotation marks and alterations omitted)).

**II.  Denial of Leave to Amend**

Denials of leave to amend based on futility are reviewed *de novo*.  *Hutchison v. Deutsche Bank Secs. Inc.*, 647 F.3d 479, 490 (2d Cir. 2011).  Typically, a *pro se* plaintiff must be "grant[ed] leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted).  Leave to amend need not be granted, however, where amendment would be "futile."  *Id.*  Amendment is futile where the problems with the complaint's claims are "substantive" and not the result of "inartful[ ]" pleading.  *Id.*

The district court properly held that granting Biswas leave to amend would be futile because Biswas failed to state a federal claim for relief.  The deficiencies in his claims—lack of copyright registration and state action—are substantive and not the result of inartful pleading.

---

[1] Biswas has waived any argument that the district court had diversity jurisdiction over his state-law claims.  *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*, especially when he has raised an issue below and elected not to pursue it on appeal.").  In any event, the district court correctly held that it lacked diversity jurisdiction because both Biswas and at least one of the defendants were citizens of India.  *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens.").

4

We have considered all of Biswas's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court