20-2500-cv
*Milberg, LLP v. Drawrah Limited, HWB et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand twenty-one.

PRESENT:    JOHN M. WALKER, JR.,
            REENA RAGGI,
            WILLIAM J. NARDINI,
                 *Circuit Judges.*

---

MILBERG, LLP,

                 *Petitioner-Appellant*,

        v.                                                      20-2500-cv

DRAWRAH LIMITED, HWB ALEXANDRIA STRATEGIES PORTFOLIO, HWB DACHFONDS-VENIVIDIVICI, HWB GOLD & SILBER PLUS, HWB PORTFOLIO PLUS, HWB RENTEN PORTFOLIO PLUS, HWB VICTORIA STRATEGIES PORTFOLIO, KLAUS BOHRER, NW GLOBAL STRATEGY, UTE KANTNER, U.V.A. VADUZ, VICTORIA STRATEGIES PORTFOLIO LTD.

                 *Respondents-Appellees*.

---

FOR PETITIONER-APPELLANT:    JAY S. AUSLANDER (Scott Watnik, *on the brief*), Wilk Auslander LLP, New York, NY

FOR RESPONDENTS-APPELLEES:   WILLIAM F. DAHILL, Dunnington Bartholow & Miller LLP, New York, NY

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Torres, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Petitioner-Appellant Milberg, LLP, appeals from the judgment of the district court, entered on July 8, 2020, dismissing its petition to vacate an arbitration award rendered in favor of Respondents-Appellees. The district court dismissed the petition for lack of subject matter jurisdiction, on the theory that Milberg had failed to adequately plead diversity of the parties, and for failure to serve notice of its petition within the three-month deadline established by the Federal Arbitration Act, 9 U.S.C. § 12. Milberg appeals, challenging both holdings. We assume the reader's familiarity with the record.

## I.      Subject Matter Jurisdiction

Milberg initially filed its petition to vacate the arbitration award on May 6, 2019, alleging (among other things) that the district court had subject matter jurisdiction based on diversity of citizenship among the parties under 28 U.S.C. § 1332. The district court twice noted deficiencies in Milberg's allegations of its partners' citizenship, and twice ordered Milberg to amend its petition. The court ultimately dismissed the petition, reasoning that (1) the amended diversity allegations remained ambiguous and (2) the supporting declaration did not indicate that it was based on the declarant's personal knowledge. *See Milberg LLP v. HWB Alexandra Strategies Portfolio*, No. 19-CV-4058, 2020 WL 3833829, at *3 (S.D.N.Y. July 8, 2020).

Although the question is close, we conclude that Milberg adequately pled diversity. The district court's contrary conclusion was understandable, given the inadequacy of the first two petitions and the inartful drafting of the third. But "tak[ing] all facts alleged in the complaint as true and draw[ing] all reasonable inferences in favor of plaintiff," *Sweet v. Sheahan*, 235 F.3d 80,

2

83 (2d Cir. 2000), we conclude that Milberg plausibly alleged that it had two partners at the time the action was commenced, that both were then citizens of the United States, and, therefore, that complete diversity existed between Milberg and the respondents, all of whom were citizens of Germany, Liechtenstein, or Luxembourg. *See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("diversity must exist at the time the action is commenced"). The declaration of a longtime Milberg attorney (who was part of firm management for many years), when read in the light most favorable to plaintiff, can be understood to state personal knowledge of the relevant facts and, thus, should not have been struck. *See* Fed. R. Civ. P. 56(c)(4); Fed. R. Evid. 602. We therefore hold that Milberg carried its burden of establishing subject matter jurisdiction. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001).

## II.    Timeliness Under the Federal Arbitration Act

Nevertheless, we hold that Milberg failed to comply with the timing provisions of the Federal Arbitration Act (the "FAA"). Section 12 of the FAA states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. In holding that this deadline applies to a motion to vacate even if interposed as a defense against a motion to confirm an arbitral award, this Court has stated that "there is no common law exception to the three month limitations period." *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 175 (2d Cir. 1984).

Milberg does not contend that it met the three-month deadline. It effected service under the Hague Convention months after the FAA's three-month mark passed. Rather, Milberg asserts that it should be deemed to have complied with that deadline, invoking concepts of fairness and equity which Milberg argues apply to service under the FAA when foreign respondents must be

served, and citing *In re Arbitration Between InterCarbon Bermuda, Ltd. and Caltex Trading and Transport Corp.*, 146 F.R.D. 64 (S.D.N.Y 1993). We need not reach the question of whether there are any exceptions to the rule of strict compliance with the FAA's three-month deadline because the facts advanced by Milberg would not support even the equitable exception that it hypothesizes. Milberg did not even notify opposing counsel of its petition to vacate the arbitral award until § 12's three-month window closed, and only after opposing counsel stated it was not authorized to accept service did Milberg set the wheels in motion for service overseas. Such circumstances do not demonstrate diligence within the FAA's three-month service period warranting a possible equitable extension. We therefore uphold the district court's dismissal of Milberg's petition as untimely.

*       *       *

Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4